SUMMARY ORDER
Petitioner Vincent Basciano appeals from orders denying his petition for habe-as corpus and motion for reconsideration. We assume the parties’ familiarity as to the facts, procedural history, and issues raised on appeal.
Petitioner argues that the conditions of his confinement violate his right to substantive due process. Because Petitioner has now been convicted of a series of crimes and sentenced to life in prison, his conditions of confinement should be reviewed under the standard applied to prisoners serving a sentence. See Bell v. Wolfish, 441 U.S. 520, 537-38, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Petitioner’s claim, nevertheless, fails even under the standard applied to pre-conviction detainees. See United States v. El-Hage, 213 F.3d 74, 81 (2d Cir.2000) (per curium) (focusing the inquiry on “whether the regulation is reasonably related to legitimate penological objectives, or whether it represents an exaggerated response to these concerns” (quotation marks omitted)). In light of the extensive evidence that Peti *51 tioner violated prison communications restrictions, engaged in criminal activity from jail, and tried to interfere with his own trial, we hold that his conditions of confinement were not intended to punish, but rather were rationally connected to the penological purpose of protecting the public from a detainee facing trial. See id. They continue to be connected to valid penological purposes, now that he has been convicted. They therefore do not violate his right to substantive due process. See Wolfish, 441 U.S. at 537-38, 99 S.Ct. 1861.
Petitioner further argues that his right to procedural due process was violated when he received insufficient notice of the reasons for his current detention conditions and an insufficient means by which to challenge those conditions. The Government suggests that this issue has been waived by virtue of Petitioner having not specifically objected to the Magistrate Judge’s failure to address the issue. We, however, need not decide that issue. Because the claim before us is one brought as a petition for habeas corpus, there is no remedy available to Petitioner who has, at this point, received both notice and the opportunity to be heard.
We have considered all of Appellant’s arguments and have found them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.